# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                                SUPERIOR COURT
                                                         DOCKET NO.:

| | |
|---|---|
| MARIANE E. HERKENHAM, TRUSTEE | ) |
| OF THE WESSAGUSSETT REALTY TRUST , | ) |
| PLAINTIFF | ) |
| | ) |
| V. | ) |
| | ) |
| BANK OF NEW YORK AND LITTON LOAN | ) |
| SERVICING LIMITED PARTNERSHIP, | ) |
| DEFENDANTS | ) |

### COMPLAINT OF THE PLAINTIFF

#### I.

#### THE PARTIES

1.  The Plaintiff, MARIANE E. HERKENHAM is the Trustee of THE WESSAGUSSETT REALTY TRUST, under Declaration of Trust dated January 27, 1993 and recorded with the South Essex Registry of Deeds in Book 11732, Page 578. (Declaration of Trust attached herewith as Exhibit "A") with a post office address of 94 Beacon Street, in Somerville, County of Middlesex, Commonwealth of Massachusetts, and a residence in the State of New York.

2.  The Defendant, BANK OF NEW YORK is a banking institution having a place of business in Massachusetts at 1 Boston Place, in Boston, County of Suffolk, Commonwealth of Massachusetts 02109.

3.  The Defendant, LITTON LOAN SERVICING LIMITED PARTNERSHIP, is a foreign corporation duly organized and existing under the laws of the State of Texas, now having, or formerly having, a principal place of business at 4828 Loop Central Drive, Suite 600, in Houston, Texas 77056 with a registered agent located at 84 State Street, in Boston, County of Suffolk, Commonwealth of Massachusetts 02110.

#### FACTUAL BACKGROUND

4.  On or about August 15, 2002, the Plaintiff furnished a mortgage to Equity One, Inc. on her property located at 94 Emerson Street, Units 94-1, 94-3, 94-4, 94-8, 94-10 and 94-11 of the Emerson Street Condominium, in Haverhill, County of Essex, Commonwealth of Massachusetts (hereinafter, the "Subject Premises") and recorded said Mortgage with the South  Essex Registry of Deeds on August 15,

2002 in Book 19075 at Page 309 to secure a certain Promissory Note given to Equity One, Inc.  (See Exhibit "A").

5. On or about February 23, 2004, said Mortgage was assigned to JP Morgan Chase Bank as Trustee for Equity One Inc. with said assignment being recorded in the South Essex Registry of Deeds on February 23, 2004 in Book 22419 at Page 141. (Registry Search Assignment attached hereto as Exhibit "B")

6. Sometime thereafter, this Mortgage was alleged to have been assigned to New York Bank as Trustee for Equity One Inc. with Litton Loan Servicing Limited Partnership as the agent servicing the subject Mortgage for New York Bank.

7. At no time was this assignment to New York Bank recorded with the Essex South Registry of Deeds.

8. On December 7, 2007, the Subject Premises was destroyed by fire, rendering the entire seventeen unit condominium building unsalvageable.  (See Exhibit "C").

9. On December 28, 2007, the Plaintiff provided notice to Equity One Inc.'s then servicing agent, Popular Mortgage Servicing Inc. of this fire.  (See Exhibit "C")

10. The payoff balance on the Promissory Note at the time of the fire was approximately $177,000.00.

11. On numerous occasions, over the last two years, the Plaintiff has informed the Defendants that there is no structure on the premises and that the Plaintiff would like to settle the debt including but not limited to making a lump sum payment on June 3, 2008, June 25, 2008, July 9, 2008 and throughout the year of 2009.

12. Over the last two years, the Defendants avoided the topic of receiving payment in full or settlement of the debt.  Instead, the Defendants initiated a foreclosure of the subject premises.

13. The original Foreclosure Auction Date was to occur April 6, 2009. (See Notice of Bendett & McHugh, P.C. attached hereto as Exhibit "D").  However, knowing that there was an offer of settlement by the Plaintiff, the Defendants postponed the auction by one month.

14. In May, just prior to the Foreclosure Auction Date, again knowing that there was an offer of settlement by the Plaintiff, the Defendants postponed the auction by one month.

15. This monthly postponement has continued with the next Foreclosure Auction Date to be on December 4, 2009.

16. At no time have the Defendants discussed the amount of money that is needed settle all claims.

17.   On Tuesday, November 3, 2009, which was the most recent foreclosure date, the Plaintiff attempted to try to resolve the entire balance. However, once again, the Defendants were unwilling to even provide a payoff amount.

18.   In an effort to avoid the foreclosure Mrs. Herkenham, who incidentally is a 78 year old woman, offered to provide the funds to come current. When the Plaintiff's Counsel asked Defendant to provide figures to come current, he was first informed that it was $37,680.00; then, twenty minutes later, after being sent to another department, he was told that to come current it would be $90,480.84. Yet still, an hour later, he was then sent to a third department, where he was told that to come current he needed to pay $123,754.29.

19.   Therefore, in addition to any principal and interest payments, the Plaintiff also owed $82,678.89 in additional charges.

20.   Upon being asked of a break down of said charges, the Defendant replied that $52,646.19 was for BPO charges; Attorney Fees in the amount of $3,320.75; and escrow reimbursements in the amount of $30,032.70 as well as a couple minor miscellaneous charges.

21.   Apparently, BPO is an acronym for Broker Professional Opinions. Therefore, Litton Loan Servicing Limited Partnership apparently spent over $50,000.00 in the last twenty-four months for a professional to go to the Subject Premises, observe an empty lot and give an opinion as to the value of 6/17ths (Plaintiff's ownership) worth of an undivided tract of land with no structure.

22.   In response to these astronomical fees, the Plaintiff requested a breakdown of the charges, which was received on November 4, 2009. (See Exhibit "E"). In said communication Litton Loan Servicing listed that the BPO charges included a $50,000.00 payment to escrow on January 22, 2009 as well as other attorneys' fees. (See Exhibit "E"). Then the escrow balance breakdown included only several tax payments totaling $192.24, however with a line stating that the total escrow advance being $30,032.70. *Id.*

23.   Mrs. Herkenham had maintained regular tax payments as well as insurance, water and sewer payments, rendering Litton Loan Servicing's payments either redundant or rather, false.

24.   It is unconscionable to require one to replenish an escrow account in the amount of $80,000.00, when it is absolutely unclear where said monies went, and further, it is unclear as to whether there was even an escrow account at all.

25.   On November 6, 2009, the Plaintiff's Counsel forwarded a 93A Demand Letter to the Litton Loan Serving Limited Partnership, with a carbon copy to the Bank of New York. (See Exhibit "F")

26.   The following week, counsel for the Plaintiff received a phone call from Litton Loan Servicing stating, *inter alia*, that prior to settling the debt, Litton Loan

3

Serving was going to need to order an additional interior valuation of the Subject Premises. (See Confirmatory Email dated November 15, 2009 attached hereto as Exhibit "G").

27.  This ongoing need to spend money on interior valuations on a structure that does not exist raises the level of rascality.

28.  In response to the confirmatory email of November 15, 2009, the Plaintiff's counsel was referred to upper management. (See reply email on November 16, 2009 also attached hereto as Exhibit "G").

29.  On November 18, 2009, the Defendants sent an offer of settlement in the amount of $123,754.29. (See Exhibit "H"). However, the Defendants refused to enter into a Settlement Agreement with Mutual Releases.

30.  Moreover, the Defendant, Litton Loan Servicing Limited Partnership would not provide a full breakdown of all charges, including a full breakdown of all monies owed. (See request of Plaintiff's Accountant dated November 19, 2009 attached hereto as Exhibit "I").

31.  The following day, on November 20, 2009 the Defendant rescinded its alleged offer of settlement. (See Exhibit "J").

32.  MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST, has and continues to remain ready willing and able to payoff the entire loan balance exclusive of unconscionable and unproven fees and expenses that were unnecessarily accumulated over the last twenty-four months

### III.

### COUNTS OF THE COMPLAINT

### COUNT I

### IN BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

33.  The Plaintiff, MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST reiterates and restates paragraphs one (1) through thirty-two (32) above of the Complaint, and does hereby incorporate said paragraphs by reference, as if the same were specifically, separately and fully set forth herein.

34.  The Defendants owed to the Plaintiff, a duty of utmost good faith and fair dealing, and thereby was obligated to consider the welfare of the Plaintiff, refrain from acting for purely selfish motives or private gain, and desist from destroying or injuring the rights of the party.

35.  Through its actions and inactions, Defendants breached their duty of good faith and fair dealing to the Plaintiff, intentionally engaged in wrongful conduct and acts of self-help, and did knowingly make false representations of fact designed to injure or otherwise harm Plaintiff's rights and interests.

36.  In consequence of the foregoing, the Plaintiff sustained damages and losses; has suffered great financial losses and incurred considerable expenses; and has otherwise been greatly damaged.

## COUNT II

### IN BREACH OF CONTRACT

37.  The Plaintiff, MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST reiterates and restates paragraphs one (1) through thirty-six (36) above of the Complaint, and does hereby incorporate said paragraphs by reference, as if the same were specifically, separately and fully set forth herein.

38.  Implicit in its contractual relationship between Plaintiff and the Defendants was that the Defendants would not engage in unfair and deceitful conduct, and would not violate 940 C.M.R. §8.06 (12).

39.  By virtue of engaging in the foregoing conduct, the Defendants have breached its agreement with Plaintiff.

40.  In consequences of the foregoing breaches, Plaintiff has suffered damages and losses.

## COUNT III

### NEGLIGENCE

41.  The Plaintiff, MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST reiterates and restates paragraphs one (1) through forty (40) above of the Complaint, and does hereby incorporate said paragraphs by reference, as if the same were specifically, separately and fully set forth herein.

42.  Defendants owed to Plaintiff a duty of care to engage in fair lending practices and fair debt collection practices, and, in particular, to engage in practices that at a minimum conform to the mandates set forth in 940 C.M.R. §8.06 (12).

43.  Defendants have breached their standard of care, and were otherwise negligent or careless in obtaining the subject loan, providing the subject loan and in its debt collection practices.

44. In consequence of the foregoing negligence of the Defendants, NASCIMENTO has suffered damages and losses.

## COUNT IV

### IN VIOLATION OF MASSACHUSETTS GENERAL LAWS CHAPTER 93A UNFAIR AND DECEPTIVE BUSINESS PRACTICES

45. The Plaintiff, MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST reiterates and restates paragraphs one (1) through forty-four (44) above of the Complaint, and does hereby incorporate said paragraphs by reference, as if the same were specifically, separately and fully set forth herein.

46. The Defendants are engaged in Trade and Commerce as defined by Massachusetts General Laws, Chapter 93A § 1.

47. The foregoing transactions, actions and inactions of the said Defendants, constitute unfair and deceptive acts and practices as defined by, and in violation of, Massachusetts General Laws, Chapter 93A § 9.

48. In consequence of Defendants' unfair and deceptive acts, Plaintiff has sustained damages and losses; has suffered great financial losses and incurred considerable expenses; and have otherwise been greatly damaged.

### DEMAND FOR TRIAL BY JURY

**THE PLAINTIFF DEMANDS A TRIAL BY JURY UPON EACH AND EVERY COUNT IN THE COMPLAINT, AND ALL TRIABLE ISSUES IN THIS CIVIL ACTION.**

**WHEREFORE,** and for said damages, the Plaintiff demands:

1. That the monetary damages and losses sustained by the said Plaintiff in consequence of the foregoing actions of the said Defendants be determined and assessed; and that judgment be entered for the Plaintiff, along with interest, costs, and attorneys fees against each Defendant, jointly and severally;

2. Order that the Defendants and their agents, servants, employees, attorneys, nominees and assignees: are restrained from causing or permitting the stripping, impairment, sale transfer, assignment, encumbering, removal, concealment, foreclosure or any other disposition of the Subject Property.

3. That the monetary damages and losses sustained by the Plaintiff, in consequence of the foregoing actions of the said Defendants, be determined and assessed; and that in accordance with Chapter 93A of the General Laws for the Commonwealth of Massachusetts, judgment in the amount of three times said damages be entered for the Plaintiff, along with interest, costs, and attorneys fees;

4. Award such damages and losses to the Plaintiff together with costs, interest, and reasonable attorneys' fees,

5. Assess punitive damages against the Defendants; and

6. Grant further judgment and/or relief that this Honorable Court shall determine to be fair and just.

Respectfully submitted,
MARIANE E. HERKENHAM as Trustee of
THE WESSAGUSSETT REALTY TRUST
By her Attorney,

DATED:  November 25, 2009

RICCARDO L. RULLO, ESQUIRE, BBO # 667955
LAW OFFICES OF FRANK N. DARDENO, LLP
424 Broadway
Somerville, Massachusetts 02145
Telephone:  (617) 666-2600; Facsimile:   (617) 666-2794

7

After Recording Return To:
~~EQUITY ONE, INC.~~

~~220 FORBES ROAD, SUITE #204~~

~~BRAINTREE, MA 02184~~

*Residential Title Services*
*112 Turnpike RD. STE 102*
*Westborough, MA. 01581*

2002081500263 BK:19075 Pg:309
08/15/2002 11:15:00 MTG Pg 1/16

———————————————[Space Above This Line For Recording Data]———————————————

## MORTGAGE

The terms of this loan
contain provisions which
will require a Balloon
Payment at Maturity.

**DEFINITIONS**

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated     AUGUST 15, 2002     , together with all Riders to this document.
(B) "Borrower" is    MARIANNE E. HERKENHAM, A SINGLE WOMAN

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is    EQUITY ONE, INC.

Lender is    A DELAWARE CORPORATION                     organized and existing under the laws of
DELAWARE                . Lender's address is    220 FORBES ROAD, SUITE
#204, BRAINTREE, MA 02184
Lender is the mortgagee under this Security Instrument.
(D) "Note" means the promissory note signed by Borrower and dated    AUGUST 15, 2002
The Note states that Borrower owes Lender    ONE HUNDRED EIGHTY-THREE THOUSAND SIX
HUNDRED AND NO/100
Dollars (U.S. $    183,600.00    ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than    AUGUST 15, 2012    .
(E) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(F) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(G) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

| | | |
|---|---|---|
| ☐ Adjustable Rate Rider | ☒ Condominium Rider | ☐ Second Home Rider |
| ☒ Balloon Rider | ☐ Planned Unit Development Rider | ☐ Other(s) [specify] |
| ☒ 1-4 Family Rider | ☐ Biweekly Payment Rider | |

(H) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(I) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

MASSACHUSETTS - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
UIMA3022.01-10/00    36804.12644    Page 1 of 11    Form 3022   1/01

21

Salem Deeds - Deeds Online                                    Page 1 of 1



# Southern Essex District
# *REGISTRY OF DEEDS*



CLICK HERE TO
DEEDS ONLINE

---

**Entered Search criteria:**

**Book:** 22419
**Page:** 141

1 Match(es) Found Result Sets: 1

View the image, if available.

| Instrument Type: Assignment | |
|---|---|
| **Date:** 2/23/2004 | **Instrument #:** 150 |
| **Book:** 22419 | **Page:** 141 |

| Grantors: | Grantees: |
|---|---|
| EQUITY ONE INC | JP MORGAN CHASE BANK, TR |
| HERKENHAM, MARIANNE E | EQUITY ONE ABS INC |

| Refers to: | | | Referred to by: | | |
|---|---|---|---|---|---|
| Book | Page | Type | Book | Page | Type |
| 19075 | 309 | MTG | | | |



CLICK HERE TO
DEEDS ONLINE

---

DISCLAIMER: The Southern Essex District Registry of Deeds Office presents the information on this website as a service to the public. We have tried to ensure that the information contained in this electronic document is accurate. The Register's Office makes no warranty or guarantee concerning the accuracy or reliability of the content at this site or at other sites to which we link. Assessing accuracy and reliability of information is the responsibility of the user. The Register's Office shall not be liable for errors contained herein or for any damages in connection with the use of the information contained herein. THIS INFORMATION IS FOR REFERENCE ONLY.

---

**DROPKIN & LEAVITT, P.A.**
Attorneys and Counselors at Law

424 Broadway
Somerville, MA 02145
617-623-4600
Fax 617-625-7315
e-mail: tembo@broadviewnet.net

Maurice J. Leavitt
Martin B. Dropkin
Nancy G. Matza

*7-9-08*
*3rd Request. Thank you M*

FACSIMILE TRANSMITTAL COVER SHEET

June 3, 2008

From: Attorney Maurice Leavitt

PLEASE DELIVER TO: Tamara

Fax No. 856-396-2001

*6-25-08*
*Second Request*
*Thank you*
*Mau*

Number of pages including cover sheet: 1

SUBJECT: Loan # 134790  Marianne Herkenham,  94 Emerson St., Haverhill, MA

Message: Dear Tamara,

As your office is aware, the Condominium at 94 Emerson St., Haverhill, MA burned to the ground on December 7, 2007. There was no individual insurance policy, and the blanket policy did not have POPULAR or any lenders, as named insured. These limited funds have been disbursed.
Ms. Herkenham, did not live in her unit, as it was an investment property. She is in her 70s and sustained the mortgage through rents which ceased as of December 2007. Presently she is able to offer to POPULAR the lump sum of $ 150,000.00 to settle her mortgage obligations in a " short sale" style offer. This payment can be made forthwith. Although POPULAR has secured the loan through the condo, it is gone, and as such there remains no secured interest. Please review this offer and contact me when you have made a decision.

On behalf of Ms. Herkenham we thank you for your courtesy in this regard.

Very truly yours,

Maurice J. Leavitt

HARD COPY TO FOLLOW BY:  WILL NOT FOLLOW  (X)

NOTICE OF CONFIDENTIALITY

This transmission is intended only for the addressee(s) listed above and may contain certain information that is confidential and privileged. If you are not addressee(s), any use, disclosure, copying or communication of the contents of this transmission is prohibited. If this message is received in error, please telephone us immediately (collect if necessary). Thank you for your attention to this concern.

# BENDETT & McHUGH, P.C.
# ATTORNEYS AT LAW

March 4, 2009

Marianne E. Herkenham
POB 561
Somerville, MA 02143

RE: Marianne E. Herkenham, Trustee of Wessagusett Realty Trust, 94 Emerson Street, Units 94-1, 94-3, 94-4, 94-8, 94-10 and 94-11 of the Emerson Street Condominium, Haverhill Massachusetts 01830

Dear Marianne E. Herkenham:

This office has been retained by The Bank of New York as Trustee for Equity One Inc. Mortgage/pass through certificate series# 2003-2, {successor in interest to Equity One, Inc.} in connection with the mortgage loan on the above-referenced property.   In accordance with the provisions of Massachusetts General Laws Chapter 244, Section 14, you are hereby notified of the foreclosure sale of the above-referenced property on April 6, 2009, all in accordance with the attached legal notice of Mortgagee's Sale of Real Estate.  Publication of this notice is scheduled to begin on or about March 12, 2009, in the Haverhill Gazette.

Enclosed herein please also find a deficiency notice, which is being provided to you pursuant to Massachusetts General Laws, Chapter 244, Section 17B.  If the debt secured by your mortgage has been discharged in bankruptcy, no demand for payment of the loan is being made, and this notice is given solely to comply with the statute.

This communication is from a debt collector.

Very truly yours,

Richard J. Volpe, Esq.

RJV/lah/ Enclosures
Certified Mail/RRR and Regular Mail (copy)

160 Farmington Avenue • Farmington Connecticut 06032 • Tel (860) 677-2868 • Fax (860) 677-4549

## Riccardo Rullo

| | |
|---|---|
| **From:** | Gray, Berda (Atlanta) [Berda.Gray@littonloan.com] |
| **Sent:** | Wednesday, November 04, 2009 5:45 PM |
| **To:** | Riccardo Rullo |
| **Subject:** | RE: Litton Loan Service LP, Loan No.: 0040700452 |
| **Attachments:** | 0040700452 Escrow Information.doc |

**From:** Riccardo Rullo [mailto:RRullo@dardeno.com]
**Sent:** Wednesday, November 04, 2009 12:47 PM
**To:** Gray, Berda (Atlanta)
**Subject:** Litton Loan Service LP, Loan No.: 0040700452

Dear Ms. Gray:

I thank you for your phone message of today, my office has returned your call 5 times since receiving your message so please allow this fax and email to serve as my reply. As you know, my client's son is willing to not only come current but is also willing to payoff the entire loan balance and has placed $123,754.029 in escrow. However, we just need a complete breakdown of the BPO charge and of the Escrow payments. One of the reasons for this breakdown, is for IRS purposes as my client's son needs to show what he paid and to whom.

We have left numerous messages with your escrow department and we are hoping to receive the figures immediately. We are using our best efforts at this point to resolve this unfortunate situation and just ask for your patience. Please contact me immediately if your office has rescheduled the foreclosure and the date of the foreclosure.

If I am not available, please ask to speak with our law clerk, John Reid. Thank you for your continued assistance.

Respectfully yours,
Riccardo Rullo

*Riccardo L. Rullo, Esquire*
Law Offices of Frank N. Dardeno LLP
424 Broadway
Somerville, MA 02145-2619
tel. (617) 666-2600 ext 16
fax. (617) 666-2794
rrullo@dardeno.com
www.dardeno.com

DISCLAIMER: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the sender by replying to this message and then delete it from your system. Use, dissemination or copying of this message by unintended recipients is not authorized and may be unlawful. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

11/10/2008

## Riccardo Rullo

| | |
|---|---|
| **From:** | Gray, Berda (Atlanta) [Berda.Gray@littonloan.com] |
| **Sent:** | Wednesday, November 04, 2009 6:07 PM |
| **To:** | Riccardo Rullo |
| **Subject:** | 40700452 Herkenham BPO.doc |

| | | | | | |
|---|---|---|---|---|---|
| | 11/10/2008 | JOURNAL | Title | $550.00 | Approved |
| | 11/10/2008 | JOURNAL | Inspection Fee | $227.50 | Approved |
| | 11/10/2008 | JOURNAL | Property Preservation Costs (P&P) | $36.50 | Approved |
| 4773243 | 10/28/2009 | SAFEGUARD PROPERTIES INC | Property Preservation Costs (P&P) | $36.00 | Approved |
| 4340281 (Imported) | 7/13/2009 | SAFEGUARD PROPERTIES INC | Property Preservation Costs (P&P) | $35.00 | Approved |
| 3665803 | 2/23/2009 | SAFEGUARD PROPERTIES INC | Property Preservation Costs (P&P) | $35.00 | Approved |
| | 1/22/2009 | JOURNAL | Deficit Escrow Balance | $50,000.00 | Approved |
| | 11/10/2008 | JOURNAL | Attorney Fees | $416.00 | Approved |
| | 11/10/2008 | JOURNAL | Attorney Fees | $265.00 | Approved |
| | 11/10/2008 | JOURNAL | Appraisal Fee | $90.00 | Approved |
| 3837847 | 4/4/2009 | REINER REINER & BENDETT PC | Attorney Fees\| Allowable | $484.00 | Approved |
| 3837847 | 4/4/2009 | REINER REINER & BENDETT PC | Recording Costs\| NOD/Intent to Foreclose | $118.50 | Approved |
| 3837847 | 4/4/2009 | REINER REINER & BENDETT PC | Service Costs\| Publication | $79.69 | Approved |
| 3837847 | 4/4/2009 | REINER REINER & BENDETT PC | Service Costs\| Service of Process | $10.00 | Approved |
| 4263676 | 7/29/2009 | PRO TECK SERVICES LTD | Valuation Costs\| Exterior BPO | $100.00 | Approved |
| 3510829 | 1/24/2009 | PRO TECK SERVICES | Valuation Costs\| Exterior | $100.00 | Approved |

| | | LTD | BPO | | |
|---|---|---|---|---|---|
| 4813688 | 10/20/2009 | SAFEGUARD PROPERTIES INC | Property Services\| Insp - Drive By Inspection | $10.50 | Approved |
| 3970890 | 4/16/2009 | SAFEGUARD PROPERTIES INC | Property Services\| Insp - Drive By Inspection | $10.50 | Approved |
| 4518859 | 8/18/2009 | SAFEGUARD PROPERTIES INC | Property Services\| Insp - Drive By Inspection | $10.50 | Approved |
| 4270770 | 6/20/2009 | SAFEGUARD PROPERTIES INC | Property Services\| Insp - Drive By Inspection | $10.50 | Approved |
| 3637970 | 2/5/2009 | SAFEGUARD PROPERTIES INC | Property Services\| Insp - Drive By Inspection | $10.50 | Approved |
| 3312825 | 12/4/2008 | SAFEGUARD PROPERTIES INC | Property Services\| Insp - Drive By Inspection | $10.50 | Approved |

**Count: 22 Total: $52,646.19**

------------------------------------------------------------------------------------------------

DISCLAIMER: This email and any files transmitted with it are confidential and
intended solely for the use of the individual or entity to whom they are
addressed. If you have received this email in error please notify the sender
by replying to this message and then delete it from your system. Use,
dissemination or copying of this message by unintended recipients is not
authorized and may be unlawful. Please note that any views or opinions
presented in this email are solely those of the author and do not necessarily
represent those of the company. Finally, the recipient should check this email
and any attachments for the presence of viruses. The company accepts no
liability for any damage caused by any virus transmitted by this email.

11/18/2009



# LAW OFFICES OF FRANK N. DARDENO, LLP

FRANK N. DARDENO
*OF COUNSEL*

FRANK N. DARDENO, JR.[1]
RONALD A. DARDENO[2]
MERNAYSA RIVERA-BUJOSA[3]
RICCARDO L. RULLO

[1] Also admitted in Florida
[2] Also holds Masters of Business Administration
[3] Also admitted in New Hampshire

424 BROADWAY
SOMERVILLE, MASSACHUSETTS 02145-2619

TELEPHONE (617) 666 - 2600 ✦ FACSIMILE (617) 666 - 2794
www.DARDENO.com

*LAW CLERKS*
JOHN S. REID
KARA L. DARDENO

*ADMINISTRATIVE ASSISTANTS*
HELEN FLYNN

November 6, 2009

***VIA FACSIMILE:***
Attention: Settlement Department
Litton Loan Servicing LP
4828 Loop Central Drive
Houston, TX 77081

Re:     Marianne E. Herkenham, Trustee of Wessagusett Realty Trust, 94 Emerson Street,
        Units 94-1, 94-3, 94-4, 94-8, 94-10, and 94-11 of the Emerson Street Condominium,
        Haverhill MA 01830
        Original Lender: Popular Mortgage Servicing, Inc; Loan No.: 0000134790
        **Litton Loan Service LP, Loan No.: 0040700452**

To Whom It May Concern:

As you know, this office represents the rights and interests of Marianne E. Herkenham, Trustee of Wessagusett Realty Trust, with respect to the above referenced matter. As a result of Litton Loan Serving LP's (hereinafter sometimes simply referred to as "Litton") unfair conduct in deceptively incurring costs in its failure to settle an outstanding balance good faith, demand is herewith made that Mrs. Herkenham is reimbursed $82,678.89.

As you were made aware by numerous and multiple letters, the first of which being on December 28, 2007, the subject property suffered a severe fire on December 7, 2007 rendering the entire premises uninhabitable. As a result, no rental income was being derived. Moreover, this property was essentially valueless as there was no structure and Mrs. Herkenham only had 6/17th of an undivided interest in the property as it was a condominium trust.

As a direct result of this fire, prior Counsel sent payoff offers on numerous occasions, including but not limited to a lump sum of $150,000 on June 3, 2008, June 25, 2008 and then on July 9, 2008. At no point did the lender make any attempt to open a line of communication with prior Counsel.

From the time that this property was purchased until today, Mrs. Herkenham has kept current on all her tax payments and insurance, when applicable. Moreover, there was never an escrow held by the holder of this Mortgage. Then, when I was retained, I have been attempting to negotiate a settlement of the entire outstanding amount owed. To communicate with your office was an arduous task as I was sent to numerous divisions and was unable to get any information as to how to resolve this matter. Rather than obtain a resolution, you continuously push-back the foreclosure date.

Then, this past Tuesday, November 3, 2009, when the latest foreclosure date came before us, I attempted to try to resolve the entire balance. However, you once again were unwilling to even provide me with a payoff amount. In an effort to avoid the foreclosure the son of Mrs. Herkenham, who incidentally is a 78 year old woman, offered to provide the funds to come current. When I asked your office to provide me with the figures to come current, I was first informed that it was $37,680.00; then, twenty minutes later, after I was sent to

another department, I was told that to come current it would be $90,480.84. Yet still, an hour later, I was then sent to a third department, where I was told that to come current I needed to pay $123,754.29. I asked for a breakdown of this fee, and I was informed that $37,680.00 was due in mortgage payments that were in arrears; $52,646.19 was for BPO charges; Attorney Fees in the amount of $3,320.75; and escrow reimbursements in the amount of $30,032.70 as well as a couple minor miscellaneous charges.

In response to these astronomical fees, I requested a breakdown of the charges, which I received on November 4, 2009. In said communication you listed that the BPO charges included a $50,000.00 payment to escrow on January 22, 2009 as well as other attorneys' fees. Then the escrow balance breakdown included only several tax payments totaling $192.24, however with a line stating that the total escrow advance being $30,032.70.

As stated, Mrs. Herkenham had maintained regular tax payments as well as insurance, water and sewer payments, rendering your payments either double or rather, false. Moreover, it is unconscionable to require one to replenish an escrow account in the amount of $80,000.00, when it is absolutely unclear where said monies went, and further, it is unclear as to whether there was even an escrow account at all.

The facts of this claim, as they have been detailed herein, impose a clear liability on your part as it is apparent that you are fabricating fees to take advantage of a senior citizen. You are herewith advised that Mrs. Herkenham considers such conduct of Litton Loan Servicing LP unwarranted, unreasonable, and unjustified; and constitutes unfair and deceptive acts and practices, specifically in violation of the norms and standards mandated by Massachusetts General Law, Chapter 93A.

Without limitation, and pursuant to the provision of M.G.L. Chapter 93A, Marianne E. Herkenham does herewith make claim that Litton Loan Servicing LP be liable for multiple damages as mandated by Law. Specifically, Marianne E. Herkenham demands that treble damages be awarded along with attorney fees and reasonable costs associated with pursuing this claim under M.G.L., Chapter 93A.

For the purpose of settlement of the Claimant's claim, demand is herewith made in the amount of $82,678.89 in full and final settlement of all claims. As provided by relevant statutory law, Litton Loan Servicing LP is afforded thirty days from the date of receipt of this letter to tender a written response to this written demand for settlement. However, as the foreclose is pending I am left with no other viable option than to initiate litigation and obtain an injunction and therefore require an immediate response to prevent said litigation.

With respect to said response, tender of a reasonable offer is appropriate. I anticipate your response in accordance with the provisions of the applicable and relevant law; and within the period of time mandated by the statutory laws of the Commonwealth.

Very truly yours,

Riccardo L. Rullo
RLR/me


cc:     Richard J. Volpe, Esq. – via facsimile and first class mail
        Marianne E. Herkenham – via first class mail only
        Bank of New York, Legal Department - via first class mail only
        Bank of New York, REO Department – via first class mail only

## Riccardo Rullo

**From:**    Ramirez, David (Dallas) [David.Ramirez@littonloan.com]
**Sent:**    Monday, November 16, 2009 11:42 AM
**To:**      Riccardo Rullo
**Subject:** RE: Litton Loan Service LP, Loan No.: 0040700452; Herkenham

I am the only you should be emailing on this account on
On 11/12 I submitted the file to upper management to review
It should be assigned to a closing agent by tomorrow
Please follow up with me then so that I can provide you the name of that agent

**From:** Riccardo Rullo [mailto:RRullo@dardeno.com]
**Sent:** Sunday, November 15, 2009 3:32 PM
**To:** Ramirez, David (Dallas)
**Cc:** Gray, Berda (Atlanta)
**Subject:** Litton Loan Service LP, Loan No.: 0040700452; Herkenham

Dear David:

Please allow this email to serve as a follow-up to our phone conference of earlier this week as well as my voice messages to both you and Ms. Berda Gray. Although I appreciate you contacting me with regard to settling this matter, I am quite concerned that your office is suggesting an interior valuation of the subject premises. On numerous occasions, my client has informed your office that the property suffered a devastating fire in December of 2007. Moreover, your office has alleged that it is paid over $50,000.00 in Broker Professional Opinions. This ongoing need to waste money and time on such things raises the level of rascality to the level of violating M.G.L. c. 93A.

The fire insurance coverage drafted one check to all 17 condominiums at the subject premises and all funds have been used.

I anticipate your reply correspondence.

Very truly yours,
Riccardo Rullo

*Riccardo L. Rullo, Esquire*
Law Offices of Frank N. Dardeno LLP
424 Broadway
Somerville , MA 02145 -2619
tel. (617) 666-2600 ext 16
fax. (617) 666-2794
rrullo@dardeno.com
www.dardeno.com

--------------------------------------------------------------------------------

DISCLAIMER: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the sender by replying to this message and then delete it from your system. Use, dissemination or copying of this message by unintended recipients is not authorized and may be unlawful. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

11/25/2009

**Gil Martinez**
**Loss Mit-Closer**
Litton Loan Servicing
250 E John Carpenter Fwy #300 | Irving, TX 75062
Ph# 800.999.8501 ext.7466 | Fx# 972.653.6383
gil.martinez@littonloan.com | littonloans.com

--------------------------------------------------------------------------------

DISCLAIMER: This email and any files transmitted with it are confidential and
intended solely for the use of the individual or entity to whom they are
addressed. If you have received this email in error please notify the sender
by replying to this message and then delete it from your system. Use,
dissemination or copying of this message by unintended recipients is not
authorized and may be unlawful. Please note that any views or opinions
presented in this email are solely those of the author and do not necessarily
represent those of the company. Finally, the recipient should check this email
and any attachments for the presence of viruses. The company accepts no
liability for any damage caused by any virus transmitted by this email.
--------------------------------------------------------------------------------

DISCLAIMER: This email and any files transmitted with it are confidential and
intended solely for the use of the individual or entity to whom they are
addressed. If you have received this email in error please notify the sender
by replying to this message and then delete it from your system. Use,
dissemination or copying of this message by unintended recipients is not
authorized and may be unlawful. Please note that any views or opinions
presented in this email are solely those of the author and do not necessarily
represent those of the company. Finally, the recipient should check this email
and any attachments for the presence of viruses. The company accepts no
liability for any damage caused by any virus transmitted by this email.

11/25/2009

 **Litton** Loan Servicing®

4828 Loop Central Drive
Houston, TX 77081
Telephone (800) 999-8501
Fax (713) 793-4363
www.littonloan.com

Nov 18, 2009
Marianne Herkenham
C/O Law Offices of Frank N Dardeno
424 Broadway
Somerville, MA 02145

Re:   Litton Loan #:        40700452
      Borrower:             Marianne Herkenham
      Property Address:     94 Emerson Street
                            Haverhill, MA 01830

Dear Borrower(s):

Litton Loan Servicing LP has completed its review of the documentation submitted with your client's request
for a reduced payoff on the above referenced property.  Litton Loan Servicing LP is prepared to offer
your client a compromised settlement at this time.  This offer is based on the following conditions and must
be completed by **Dec 1, 2009,** or this approval is void:
1.  **Marianne Herkenham** has agreed to pay no less than **$123,754.29** in the form of a **Wire, and is/are to provide to
Litton Loan Servicing LP a copy of the Wire Confirmation and Final HUD.**
2. The owner(s) will not receive any proceeds from this short refinance/settlement transaction. If there are remaining
escrow funds or refunds of any kind, they will be sent to Litton Loan Servicing LP to offset the loss.
3.  A release of lien will be provided to **Marianne Herkenham** within the statutory time period governing the location
of the subject property.

Failure to comply with the conditions stated in this letter will result in the cancellation of this agreement without further
notice to you.  Litton Loan Servicing LP will continue with all remedies available to them to preserve its rights and
interests in this property.

Litton Loan Servicing LP
ATT: Loss Mitigation Department  -  Gil Martinez
gil.martinez@littonloan.com
Fx# 972.653.6383
**\*\*Wiring Instructions\*\***
**Bank name: Chase Bank**
**City, State: Houston, TX**
**Name: LLSLP-RCA ACQ**
**ABA # 113000609**
**Account # 00113206339**
**Please Reference:  Settlement and Loan #
Attn:  Georgia Chirtos/Gil Martinez**

**Litton Loan Servicing LP is a debt collector.  This is an attempt to collect a debt and any information provided to
us as part of this transaction will be used for that purpose.**

**Litton Loan Servicing LP may be required to report this transaction to the IRS. We recommend that you discuss
this matter with your accountant or financial advisor. Your loan will be reported to the credit bureau as
"Account Settled".**

Should you have any further questions, feel free to contact the undersigned at (800) 999-8501 ext 7466. My direct
fax is (972) 653-6383, email: gil.martinez@littonloan.com.

Sincerely,
**Gil Martinez**
Gil Martinez
Loss Mitigation Department

## Riccardo Rullo

**From:** Martinez, Gilberto (Dallas) [Gilberto.Martinez@littonloan.com]
**Sent:** Wednesday, November 18, 2009 12:31 PM
**To:** Riccardo Rullo
**Subject:** Herkenham 40700452
**Attachments:** 40700452.Herkenman.RTF

**\*\*Attached is the Settlement/Short Refi Approval Letter....Litton <u>Cannot</u> Guarantee the Net Once the Approval Expires\*\***
**\*\*I will need a copy of the Wire Confirmation(s) emailed/faxed by 2pm CST day of Closing or 3 day Right of Recession. If instructions are not complied, will delay closing and may lead to the file being denied.**

Thnx!
**Gil Martinez**
**Loss Mit-Closer**
Litton Loan Servicing
250 E John Carpenter Fwy #300 | Irving, TX 75062
Ph# 800.999.8501 ext.7466 | Fx# 972.653.6383
gil.martinez@littonloan.com | littonloans.com

--------------------------------------------------------------------------------

DISCLAIMER: This email and any files transmitted with it are confidential and intended solely for the use of the individual or entity to whom they are addressed. If you have received this email in error please notify the sender by replying to this message and then delete it from your system. Use, dissemination or copying of this message by unintended recipients is not authorized and may be unlawful. Please note that any views or opinions presented in this email are solely those of the author and do not necessarily represent those of the company. Finally, the recipient should check this email and any attachments for the presence of viruses. The company accepts no liability for any damage caused by any virus transmitted by this email.

11/25/2009

## Riccardo Rullo

| | |
|---|---|
| **From:** | Martinez, Gilberto (Dallas) [Gilberto.Martinez@littonloan.com] |
| **Sent:** | Friday, November 20, 2009 9:14 AM |
| **To:** | Riccardo Rullo |
| **Subject:** | Herkenham 40700452 |

Ricardo,
Sorry but I am not able to provide such information. The 1099 C will be sent at the end of the year. The CPA will need to wait until the item is sent at the end of the year.

Thnx!
**Gil Martinez**
**Loss Mit-Closer**
Litton Loan Servicing
250 E John Carpenter Fwy #300 | Irving, TX 75062
Ph# 800.999.8501 ext.7466 | Fx# 972.653.6383
gil.martinez@littonloan.com | littonloans.com

**From:** Riccardo Rullo [mailto:RRullo@dardeno.com]
**Sent:** Thursday, November 19, 2009 5:32 PM
**To:** Martinez, Gilberto (Dallas)
**Subject:** RE: Herkenham 40700452

Dear Mr. Martinez:

Thank you for taking the time to speak with me today; as you know, my client would like to accept your proposal and resolve this matter. However, today we had a meeting with our CPA who stated that if we are to receive a 1099, we are going to need a full breakdown of all charges. As such, kindly provide me with a full breakdown of all monies owed including an itemized statement and copies of paid receipts at your earliest opportunity.

If you have any questions, please feel free to contact me.

Very truly yours,
Riccardo Rullo

*Riccardo L. Rullo, Esquire*
Law Offices of Frank N. Dardeno LLP
424 Broadway
Somerville, MA 02145 -2619
tel. (617) 666-2600 ext 16
fax. (617) 666-2794
rrullo@dardeno.com
www.dardeno.com

**From:** Martinez, Gilberto (Dallas) [mailto:Gilberto.Martinez@littonloan.com]
**Sent:** Wednesday, November 18, 2009 12:31 PM
**To:** Riccardo Rullo
**Subject:** Herkenham 40700452

**\*\*Attached is the Settlement/Short Refi Approval Letter....Litton Cannot Guarantee the Net Once the Approval Expires\*\***
**\*\*I will need a copy of the Wire Confirmation(s) emailed/faxed by 2pm CST day of Closing or 3 day Right of Recession. If instructions are not complied, will delay closing and may lead to the file being denied.**

Thnx!

11/25/2009

## Riccardo Rullo

| | |
|---|---|
| **From:** | Martinez, Gilberto (Dallas) [Gilberto.Martinez@littonloan.com] |
| **Sent:** | Friday, November 20, 2009 1:06 PM |
| **To:** | Riccardo Rullo |
| **Subject:** | Herkenham 40700452 |

Mr Rullo,
I have just been advised from management the approval to accept the settlement has been rescinded. Litton will no longer consider accepting the proceeds for the settlement on this property. The letter sent has now become null and void.

Thnx!
**Gil Martinez**
**Loss Mit-Closer**
Litton Loan Servicing
250 E John Carpenter Fwy #300 | Irving, TX 75062
Ph# 800.999.8501 ext.7466 | Fx# 972.653.6383
gil.martinez@littonloan.com | littonloans.com

------------------------------------------------------------------------

DISCLAIMER: This email and any files transmitted with it are confidential and
intended solely for the use of the individual or entity to whom they are
addressed. If you have received this email in error please notify the sender
by replying to this message and then delete it from your system. Use,
dissemination or copying of this message by unintended recipients is not
authorized and may be unlawful. Please note that any views or opinions
presented in this email are solely those of the author and do not necessarily
represent those of the company. Finally, the recipient should check this email
and any attachments for the presence of viruses. The company accepts no
liability for any damage caused by any virus transmitted by this email.

11/25/2009

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                      SUPERIOR COURT
                                               DOCKET NO.:

---

MARIANE E. HERKENHAM, TRUSTEE            )
OF THE WESSAGUSSETT REALTY TRUST ,       )
    PLAINTIFF                                )
                                         )
V.                                       )
                                         )
BANK OF NEW YORK AND LITTON LOAN         )
SERVICING LIMITED PARTNERSHIP,           )
    DEFENDANTS                               )

---

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER TO ENJOIN THE DEFENDANTS FROM FURTHER ENCUMBERING, ALIENATING OR CONVEYING SUBJECT PROPERTY

Now COMES the Plaintiff, MARIANE E. HERKENHAM is the Trustee of THE

WESSAGUSSETT REALTY TRUST, in the above-captioned Action and hereby moves this

Honorable Court, ex-parte, to temporarily restrain and enjoin the Defendants, BANK OF NEW

YORK AND LITTON LOAN SERVICING LIMITED PARTNERSHIP, their respective agents,

servants, employees, and all persons in active concert in participation with them who receive

actual Notice of this Order by personal service or otherwise, is temporarily restrained, prohibited,

and enjoined from further causing or permitting the stripping, impairment, sale transfer,

assignment, encumbering, removal, concealment, or any other disposition of the Subject

Property, to wit: 94 Emerson Street, Units 94-1, 94-3, 94-4, 94-8, 94-10 and 94-11 of the

Emerson Street Condominium, in Haverhill, County of Essex, Commonwealth of Massachusetts,

including but not limited to refraining from proceeding with the foreclosure auction.

**AS GROUNDS THEREFORE**, the Plaintiff avers that the purpose of this motion for

Temporary Restraining Order against the Defendants, is in satisfaction of anticipated judgment

against the Defendants, BANK OF NEW YORK AND LITTON LOAN SERVICING LIMITED

PARTNERSHIP, and to prevent any irreparable, avoidable harm to the Plaintiff, MARIANE E.

HERKENHAM is the Trustee of THE WESSAGUSSETT REALTY TRUST.

IN FURTHERANCE THEREOF, the Plaintiff avers that:

1. There is a substantial likelihood that the Plaintiff will recover Judgment against the Defendants in excess of $80,000.00, as they are liable to the Plaintiff for their acts and omissions. See Complaint in this action.

2. The subject property is known as 94 Emerson Street, Units 94-1, 94-3, 94-4, 94-8, 94-10 and 94-11 of the Emerson Street Condominium, in Haverhill, County of Essex, Commonwealth of Massachusetts. See Complaint.

3. A foreclosure auction sale is currently scheduled for December 4, 2009, 2009 at 2:00pm. See Complaint.

4. MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST, has and continues to remain ready willing and able to payoff the entire loan balance exclusive of unconscionable and unproven fees and expenses that were unnecessarily accumulated over the last twenty-four months. See Complaint.

5. The Defendants have engaged in a pattern unfair conduct in deceptively incurring costs in its failure to settle an outstanding balance good faith, demand is herewith made that Mrs. Herkenham is reimbursed $82,678.89. See Complaint.

6. The Defendant is requesting, *inter alia*, reimbursement of $52,646.19 was for BPO charges; apparently, BPO is an acronym for Broker Professional Opinions. Therefore, Litton Loan Servicing Limited Partnership apparently spent over $50,000.00 in the last twenty-four months for a professional to go to the Subject Premises, observe an empty lot and give an opinion as to the value of 6/17ths (Plaintiff's ownership) worth of an undivided tract of land with no structure. See Complaint.

7. In response to these astronomical fees, the Plaintiff requested a breakdown of the charges, which was received on November 4, 2009. (See Exhibit "E"). In said communication Litton Loan Servicing listed that the BPO charges included a $50,000.00 payment to escrow on January 22, 2009 as well as other attorneys' fees. (See Exhibit "F"). Then the escrow balance breakdown included only several tax payments totaling $192.24, however

with a line stating that the total escrow advance being $30,032.70. <u>See Complaint.</u>

8. Mrs. Herkenham had maintained regular tax payments as well as insurance, water and sewer payments, rendering Litton Loan Servicing's payments either redundant or rather, false. <u>Id</u>.

9. It is unconscionable to require one to replenish an escrow account in the amount of $80,000.00, when it·is absolutely unclear where said monies went, and further, it is unclear as to whether there was even an escrow account at all. <u>Id</u>.

10. On November 6, 2009, the Plaintiff's Counsel forwarded a 93A Demand Letter to the Litton Loan Serving Limited Partnership, with a carbon copy to the Bank of New York. <u>Id</u>.

11. The following week, counsel for the Plaintiff received a phone call from Litton Loan Servicing stating, *inter alia*, that prior to settling the debt, Litton Loan Serving was going to need to order an additional interior valuation of the Subject Premises. (See Confirmatory Email dated November 15, 2009 attached hereto as Exhibit "G" of the Complaint).

12. This ongoing need to spend money on interior valuations on a structure that does not exist raises the level of rascality. <u>Id</u>.

13. In response to the confirmatory email of November 15, 2009, the Plaintiff's counsel was referred to upper management. (See reply email on November 16, 2009 also attached hereto as Exhibit "G" of the Subject Complaint).

14. On November 18, 2009, the Defendants sent an offer of settlement in the amount of $123,754.29. (See Exhibit "H" of the Subject Complaint). However, the Defendants refused to enter into a Settlement Agreement with Mutual Releases. <u>Id</u>.

15. Moreover, the Defendant, Litton Loan Servicing Limited Partnership would not provide a full breakdown of all charges, including a full breakdown of all monies owed. (See request of Plaintiff's Accountant dated November 19, 2009 attached hereto as Exhibit "I" of the Subject Complaint).

16. The following day, on November 20, 2009 the Defendant rescinded its alleged offer of settlement. (See Exhibit "I" of the Subject Complaint).

17. Again, MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST, has and continues to remain ready willing and able to payoff the entire loan balance exclusive of unconscionable and unproven fees and expenses that were unnecessarily accumulated over the last twenty-four months. <u>See Complaint.</u>

18. The Plaintiff does not have a copy of the original note for the subject loan nor does it have a payoff amount or proof that the Defendants are the holders of the subject note and mortgage. See Complaint.

19. The Plaintiff will suffer irreparable harm if the foreclosure sale of the Subject Property proceeds. See Complaint.

20. The Defendants have not only breached the terms of their contract with the Plaintiff, they have, *inter alia*, violated their covenant of good faith and fair dealing and have engaged in unfair and deceptive practices in violation of M.G.L. c. 93A.

21. In view of the Defendants' doubtful behavior, the Defendants are likely to take steps to dissipate the assets of the Plaintiff, by conveying the subject property in a foreclosure sale, before the Plaintiff can reduce its claim to a Judgment.

22. The Plaintiff knows of no defenses to contest the claims that have been asserted against the Defendants by the Plaintiff.

23. It is crystal clear that the Plaintiff has a valid, undeniable claim against the Defendants for their acts and omissions.   What is certain is that there is undoubtedly a substantial likelihood of success on the merits in an amount equal to or in excess of $80,000.00.

24. Moreover, if the preliminary relief is not obtained, it is crystal clear that the Plaintiff will suffer irreparable harm.

25. The facts of this matter, as they have set forth in the supporting Complaint, Affidavit, and confirmed by the exhibits submitted, clearly demonstrate the high likelihood that the Plaintiff will be successful on the merits of its claims.

26. The only hope of satisfying the Judgment that the Plaintiff will likely obtain against the Defendants is by obtaining pre-judgment relief to refrain the Defendants from encumbering the Subject Property.

27. That pre-judgment relief is in the form of a Temporary Restraining Order and Preliminary Injunction against the Defendant – enjoining from further encumbering, alienating or conveying the subject property and to refrain from contacting the Plaintiff directly.

28. In view of the of the conduct engaged in by the Defendants, there is a clear and present danger that if notified in advance of these Motions for pre-judgment relief, the Defendants will take steps to convey the Subject Property, warranting the issuance of the Temporary Restraining Order against the Defendants, pending notice and hearing of Plaintiff's Motion for Preliminary Injunctions.

29. Rule 4.1 (g) of the Massachusetts Rules of Civil Procedure provides, *"(s)ubsequent to the*

*commencement of any action under these rules, real estate, goods and chattels and other property may, in that manner and to the extent provided by law, but subject to the requirements of this rule, be attached and held to satisfy the judgment for damages and costs which the plaintiff may recover."*

30. MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST in good faith avers its requests for preliminary relief framed in its order are fair and reasonable given the totality of circumstances in this action as it would afford the Plaintiff the ability to remain in her home until this matter is resolved.

31. Failing issuance of the Temporary Restraining Order and Preliminary Injunction, MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST avers there is a reasonable likelihood that the Defendants will convey the subject property, which will cause irreparable harm to the Plaintiff and will prevent the Plaintiff from having the ability to properly satisfy her expected Judgment.

For all the aforementioned reasons, the Plaintiff, MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST, respectfully requests that this Honorable Court:

- ALLOW its Motion for a Temporary Restraining Order to restrain and enjoin the Defendants, their respective agents, servants, employees, and all persons in active concert in participation with them who receive actual Notice of this Order by personal service or otherwise, is temporarily restrained, prohibited, and enjoined from further causing or permitting the stripping, impairment, sale transfer, assignment, encumbering, removal, concealment, or any other disposition of the Subject Property, to wit: 94 Emerson Street, Units 94-1, 94-3, 94-4, 94-8, 94-10 and 94-11 of the Emerson Street Condominium, in Haverhill, County of Essex, Commonwealth of Massachusetts, including but not limited to refraining from proceeding with the foreclosure auction.

- GRANT all requested pre-judgment relief as embodied in the Motions filed herewith or other relief that this Honorable Court deems to be fair and just.

- ORDER such other and further relief as this Honorable Court deems meet and just.

In furtherance hereof, the Plaintiff relies on its Complaint, AffidavitsMotion for Preliminary Injunction, and Proposed Temporary Restraining Order and Order for Preliminary Injunction.

Respectfully submitted,
MARIANE E. HERKENHAM as Trustee of THE
WESSAGUSSETT REALTY TRUST
By her Attorney,

DATED:  November 25, 2009

RICCARDO L. RULLO, ESQUIRE, BBO # 667955
LAW OFFICES OF FRANK N. DARDENO, LLP
424 Broadway
Somerville, Massachusetts 02145
Telephone:  (617) 666-2600; Facsimile:   (617) 666-2794

# COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT
                                              DOCKET NO.:

MARIANE E. HERKENHAM, TRUSTEE          )
OF THE WESSAGUSSETT REALTY TRUST ,     )
    PLAINTIFF                           )
                                       )
V.                                     )
                                       )
BANK OF NEW YORK AND LITTON LOAN       )
SERVICING LIMITED PARTNERSHIP,         )
    DEFENDANTS                          )

## TEMPORARY RESTRAINING ORDER

It is hereby ordered that the Defendants, BANK OF NEW YORK AND LITTON LOAN

SERVICING LIMITED PARTNERSHIP, their respective agents, servants, employees,

and all persons in active concert in participation with them who receive actual Notice of

this Order by personal service or otherwise, is temporarily restrained, prohibited, and

enjoined from further causing or permitting the stripping, impairment, sale transfer,

assignment, encumbering, removal, concealment, or any other disposition of the Subject

Property, to wit: 94 Emerson Street, Units 94-1, 94-3, 94-4, 94-8, 94-10 and 94-11 of the

Emerson Street Condominium, in Haverhill, County of Essex, Commonwealth of

Massachusetts, including but not limited to refraining from proceeding with the

foreclosure auction.

Witness this _____ day of November, 2009 at Lawrence, Massachusetts.

                      By the Court,

                      _____

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT
                                             DOCKET NO.:

---

MARIANE E. HERKENHAM, TRUSTEE    )
OF THE WESSAGUSSETT REALTY TRUST ,  )
    PLAINTIFF                      )
                                 )
V.                               )
                                 )
BANK OF NEW YORK AND LITTON LOAN  )
SERVICING LIMITED PARTNERSHIP,    )
    DEFENDANTS                    )

---

## PLAINTIFF'S MOTION FOR ISSUANCE OF PRELIMINARY INJUNCTIONS AGAINST THE DEFENDANTS FROM FURTHER ENCUMBERING, ALIENATING OR CONVEYING THE SUBJECT PROPERTY

Now COMES the Plaintiff, MARIANE E. HERKENHAM is the Trustee of THE

WESSAGUSSETT REALTY TRUST, in the above-captioned Action and hereby

respectfully moves this Honorable Court, after notice of hearing and in accord with Rule

65 of the Massachusetts Rules of Civil Procedure, to issue Preliminary Injunctions against

the Defendants, BANK OF NEW YORK AND LITTON LOAN SERVICING LIMITED

PARTNERSHIP, their respective agents, servants, employees, and all persons in active

concert in participation with them who receive actual Notice of this Order by personal

service or otherwise, is restrained, prohibited, and enjoined from further causing or

permitting the stripping, impairment, sale transfer, assignment, encumbering, removal,

concealment, or any other disposition of the Subject Property, to wit: 94 Emerson Street,

Units 94-1, 94-3, 94-4, 94-8, 94-10 and 94-11 of the Emerson Street Condominium, in

Haverhill, County of Essex, Commonwealth of Massachusetts, including but not limited

to refraining from proceeding with the foreclosure auction, and shall refrain from

contacting the Plaintiff directly.

**AS GROUNDS THEREFORE**, the Plaintiff avers that the purpose of these motions for preliminary

injunction (after notice) against the Defendants, is in satisfaction of anticipated judgment against

the Defendants, BANK OF NEW YORK AND LITTON LOAN SERVICING LIMITED

PARTNERSHIP, and to prevent any irreparable, avoidable harm to the Plaintiff, MARIANE E.

HERKENHAM is the Trustee of THE WESSAGUSSETT REALTY TRUST.

IN FURTHERANCE THEREOF, the Plaintiff avers that:

1. There is a substantial likelihood that the Plaintiff will recover Judgment against the Defendants in excess of $80,000.00, as they are liable to the Plaintiff for their acts and omissions. See Complaint in this action.

2. The subject property is known as 94 Emerson Street, Units 94-1, 94-3, 94-4, 94-8, 94-10 and 94-11 of the Emerson Street Condominium, in Haverhill, County of Essex, Commonwealth of Massachusetts. See Complaint.

3. A foreclosure auction sale is currently scheduled for December 4, 2009, 2009 at 2:00pm. See Complaint.

4. MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST, has and continues to remain ready willing and able to payoff the entire loan balance exclusive of unconscionable and unproven fees and expenses that were unnecessarily accumulated over the last twenty-four months. See Complaint.

5. The Defendants have engaged in a pattern unfair conduct in deceptively incurring costs in its failure to settle an outstanding balance good faith, demand is herewith made that Mrs. Herkenham is reimbursed $82,678.89. See Complaint.

6. The Defendant is requesting, *inter alia*, reimbursement of $52,646.19 was for BPO charges; apparently, BPO is an acronym for Broker Professional Opinions. Therefore, Litton Loan Servicing Limited Partnership apparently spent over $50,000.00 in the last twenty-four months for a professional to go to the Subject Premises, observe an empty lot and give an opinion as to the value of 6/17ths (Plaintiff's ownership) worth of an undivided tract of land with no structure. See Complaint.

7. In response to these astronomical fees, the Plaintiff requested a breakdown of the charges,

which was received on November 4, 2009.  (See Exhibit "E").  In said communication Litton Loan Servicing listed that the BPO charges included a $50,000.00 payment to escrow on January 22, 2009 as well as other attorneys' fees.  (See Exhibit "F").  Then the escrow balance breakdown included only several tax payments totaling $192.24, however with a line stating that the total escrow advance being $30,032.70. See Complaint.

8.  Mrs. Herkenham had maintained regular tax payments as well as insurance, water and sewer payments, rendering Litton Loan Servicing's payments either redundant or rather, false. Id.

9.  It is unconscionable to require one to replenish an escrow account in the amount of $80,000.00, when it is absolutely unclear where said monies went, and further, it is unclear as to whether there was even an escrow account at all. Id.

10. On November 6, 2009, the Plaintiff's Counsel forwarded a 93A Demand Letter to the Litton Loan Serving Limited Partnership, with a carbon copy to the Bank of New York. Id.

11. The following week, counsel for the Plaintiff received a phone call from Litton Loan Servicing stating, inter alia, that prior to settling the debt, Litton Loan Serving was going to need to order an additional interior valuation of the Subject Premises.  (See Confirmatory Email dated November 15, 2009 attached hereto as Exhibit "G" of the Complaint).

12. This ongoing need to spend money on interior valuations on a structure that does not exist raises the level of rascality. Id.

13. In response to the confirmatory email of November 15, 2009, the Plaintiff's counsel was referred to upper management.  (See reply email on November 16, 2009 also attached hereto as Exhibit "G" of the Subject Complaint).

14. On November 18, 2009, the Defendants sent an offer of settlement in the amount of $123,754.29.  (See Exhibit "H" of the Subject Complaint).  However, the Defendants refused to enter into a Settlement Agreement with Mutual Releases. Id.

15. Moreover, the Defendant, Litton Loan Servicing Limited Partnership would not provide a full breakdown of all charges, including a full breakdown of all monies owed.  (See request of Plaintiff's Accountant dated November 19, 2009 attached hereto as Exhibit "I" of the Subject Complaint).

16. The following day, on November 20, 2009 the Defendant rescinded its alleged offer of settlement.  (See Exhibit "I" of the Subject Complaint).

17. Again, MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY

TRUST, has and continues to remain ready willing and able to payoff the entire loan balance exclusive of unconscionable and unproven fees and expenses that were unnecessarily accumulated over the last twenty-four months. See Complaint.

18. The Plaintiff does not have a copy of the original note for the subject loan nor does it have a payoff amount or proof that the Defendants are the holders of the subject note and mortgage. See Complaint.

19. The Plaintiff will suffer irreparable harm if the foreclosure sale of the Subject Property proceeds. See Complaint.

20. The Defendants have not only breached the terms of their contract with the Plaintiff, they have, *inter alia*, violated their covenant of good faith and fair dealing and have engaged in unfair and deceptive practices in violation of M.G.L. c. 93A.

21. In view of the Defendants' doubtful behavior, the Defendants are likely to take steps to dissipate the assets of the Plaintiff, by conveying the subject property in a foreclosure sale, before the Plaintiff can reduce its claim to a Judgment.

22. The Plaintiff knows of no defenses to contest the claims that have been asserted against the Defendants by the Plaintiff.

23. It is crystal clear that the Plaintiff has a valid, undeniable claim against the Defendants for their acts and omissions.   What is certain is that there is undoubtedly a substantial likelihood of success on the merits in an amount equal to or in excess of $80,000.00.

24. Moreover, if the preliminary relief is not obtained, it is crystal clear that the Plaintiff will suffer irreparable harm.

25. The facts of this matter, as they have set forth in the supporting Complaint, Affidavit, and confirmed by the exhibits submitted, clearly demonstrate the high likelihood that the Plaintiff will be successful on the merits of its claims.

26. The only hope of satisfying the Judgment that the Plaintiff will likely obtain against the Defendants is by obtaining pre-judgment relief to refrain the Defendants from encumbering the Subject Property.

27. That pre-judgment relief is in the form of a Temporary Restraining Order and Preliminary Injunction against the Defendant – enjoining from further encumbering, alienating or conveying the subject property and to refrain from contacting the Plaintiff directly.

28. In view of the of the conduct engaged in by the Defendants, there is a clear and present danger that if notified in advance of these Motions for pre-judgment relief, the Defendants will take steps to convey the Subject Property, warranting the issuance of the Temporary

Restraining Order against the Defendants, pending notice and hearing of Plaintiff's Motion for Preliminary Injunctions.

29. Rule 4.1 (g) of the Massachusetts Rules of Civil Procedure provides, *"(s)ubsequent to the commencement of any action under these rules, real estate, goods and chattels and other property may, in that manner and to the extent provided by law, but subject to the requirements of this rule, be attached and held to satisfy the judgment for damages and costs which the plaintiff may recover*."

30. MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST in good faith avers its requests for preliminary relief framed in its order are fair and reasonable given the totality of circumstances in this action as it would afford the Plaintiff the ability to remain in her home until this matter is resolved.

31. Failing issuance of the Temporary Restraining Order and Preliminary Injunction, MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST avers there is a reasonable likelihood that the Defendants will convey the subject property, which will cause irreparable harm to the Plaintiff and will prevent the Plaintiff from having the ability to properly satisfy her expected Judgment.

For all the aforementioned reasons, the Plaintiff, MARIANE E. HERKENHAM as Trustee of

THE WESSAGUSSETT REALTY TRUST, respectfully requests that this Honorable Court:

- ALLOW, after notice and hearing, its Motion to Issue a Preliminary Injunctions to restrain and enjoin the Defendants, BANK OF NEW YORK AND LITTON LOAN SERVICING LIMITED PARTNERSHIP, their respective agents, servants, employees, and all persons in active concert in participation with them who receive actual Notice of this Order by personal service or otherwise, is restrained, prohibited, and enjoined from further causing or permitting the stripping, impairment, sale transfer, assignment, encumbering, removal, concealment, or any other disposition of the Subject Property, to wit: 94 Emerson Street, Units 94-1, 94-3, 94-4, 94-8, 94-10 and 94-11 of the Emerson Street Condominium, in Haverhill, County of Essex, Commonwealth of Massachusetts, including but not limited to refraining from proceeding with the foreclosure auction, and shall refrain from contacting the Plaintiff directly.

- GRANT all requested pre-judgment relief as embodied in the Motions filed herewith or other relief that this Honorable Court deems to be fair and just.

- ORDER such other and further relief as this Honorable Court deems meet and just.

In furtherance hereof, the Plaintiff relies on its Complaint, Affidavits, Motion in Support of the Temporary Restraining Order, and proposed Temporary Restraining Order and Order for Preliminary Injunction.

Respectfully submitted,
MARIANE E. HERKENHAM as Trustee of THE
WESSAGUSSETT REALTY TRUST
By her Attorney,

DATED:  November 25, 2009

RICCARDO L. RULLO, ESQUIRE, BBO # 667955
LAW OFFICES OF FRANK N. DARDENO, LLP
424 Broadway
Somerville, Massachusetts 02145
Telephone:  (617) 666-2600; Facsimile:   (617) 666-2794

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT
                                             DOCKET NO.:

MARIANE E. HERKENHAM, TRUSTEE     )
OF THE WESSAGUSSETT REALTY TRUST ,  )
    PLAINTIFF                                )
                                             )
V.                                           )
                                             )
BANK OF NEW YORK AND LITTON LOAN  )
SERVICING LIMITED PARTNERSHIP,     )
    DEFENDANTS                              )

## <u>PRELIMINARY INJUNCTION</u>

WHEREFORE, the Defendants, BANK OF NEW YORK AND LITTON LOAN

SERVICING LIMITED PARTNERSHIP, their respective agents, servants,

employees, and all persons in active concert in participation with them who

receive actual Notice of this Order by personal service or otherwise, is restrained,

prohibited, and enjoined from further causing or permitting the stripping,

impairment, sale transfer, assignment, encumbering, removal, concealment, or

any other disposition of the Subject Property, to wit: 94 Emerson Street, Units 94-

1, 94-3, 94-4, 94-8, 94-10 and 94-11 of the Emerson Street Condominium, in

Haverhill, County of Essex, Commonwealth of Massachusetts, including but not

limited to refraining from proceeding with the foreclosure auction, and  shall

refrain from contacting the Plaintiff directly.

Witness this ___ day of _____ 2009 at Lawrence, Massachusetts.


                By the Court,


                _____

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
DOCKET NO.:

MARIANE E. HERKENHAM, TRUSTEE )
OF THE WESSAGUSSETT REALTY TRUST , )
    PLAINTIFF )
                   )
V. )
                   )
BANK OF NEW YORK AND LITTON LOAN )
SERVICING LIMITED PARTNERSHIP, )
    DEFENDANTS )

## AFFIDAVIT OF RICCARDO L. RULLO, ESQUIRE.

1.    I, Riccardo L. Rullo, under oath, do herewith state and depose the following based on my personal knowledge or, where indicated, upon information and belief.

2.    I am the Attorney for the Plaintiff, MARIANE E. HERKENHAM who is the Trustee of THE WESSAGUSSETT REALTY TRUST.

3.    MARIANE E. HERKENHAM is a 78 year old woman, and she and her family are trying in good faith to pay the outstanding debt owed on the property known as 94 Emerson Street, Units 94-1, 94-3, 94-4, 94-8, 94-10 and 94-11 of the Emerson Street Condominium, in Haverhill, County of Essex, Commonwealth of Massachusetts (hereinafter, the "Subject Premises").

4.    Since about March of 2009, I have been attempting to communicate with Litton Loan Serving Limited Partnership in resolving and settling the outstanding debt.

5.    The original Foreclosure Auction Date was to occur April 6, 2009.  (See Notice of Bendett & McHugh, P.C. attached to the Complaint as Exhibit "D").  However, knowing that there was an offer of settlement by the Plaintiff, the Defendants postponed the auction by one month.

6.    In May, just prior to the Foreclosure Auction Date, again knowing that there was an offer of settlement by the Plaintiff, the Defendants postponed the auction by one month. This monthly postponement has continued with the next Foreclosure Auction Date to be on December 4, 2009.

7.    At no time have the Defendants discussed the amount of money that is needed settle all claims.

8.   On Tuesday, November 3, 2009, which was the most recent foreclosure date, the Plaintiff attempted to try to resolve the entire balance. However, once again, the Defendants were unwilling to even provide a payoff amount.

9.   In an effort to avoid the foreclosure Mrs. Herkenham, who incidentally is a 78 year old woman, I offered to provide the funds to come current. On a telephone conference of November 3, 2009, I asked Defendant to provide figures to come current, I was first informed that it was $37,680.00; then, twenty minutes later, after being sent to another department, I was told that to come current it would be $90,480.84. Yet still, an hour later, I was then sent to a third department, where I was told that to come current I needed to pay $123,754.29. These funds remain in escrow (see Exhibit "1" attached hereto)

10.   Therefore, in addition to any principal and interest payments, the Plaintiff also owed $82,678.89 in additional charges.

11.   I asked of a break down of said charges, the Defendant replied that $52,646.19 was for BPO charges; Attorney Fees in the amount of $3,320.75; and escrow reimbursements in the amount of $30,032.70 as well as a couple minor miscellaneous charges.

12.   I later learned that BPO is an acronym for Broker Professional Opinions. Therefore, Litton Loan Servicing Limited Partnership apparently spent over $50,000.00 in the last twenty-four months for a professional to go to the Subject Premises, observe an empty lot and give an opinion as to the value of 6/17ths (Plaintiff's ownership) worth of an undivided tract of land with no structure.

13.   In response to these astronomical fees, I requested a breakdown of the charges, which was received on November 4, 2009. (See Exhibit "E" of the Complaint). In said communication Litton Loan Servicing listed that the BPO charges included a $50,000.00 payment to escrow on January 22, 2009 as well as other attorneys' fees. (See Exhibit "F" of the Complaint). Then the escrow balance breakdown included only several tax payments totaling $192.24, however with a line stating that the total escrow advance being $30,032.70. *Id*.

14.   Mrs. Herkenham had maintained regular tax payments as well as insurance, water and sewer payments, rendering Litton Loan Servicing's payments either redundant or rather, false.

15.   It is unconscionable to require one to replenish an escrow account in the amount of $80,000.00, when it is absolutely unclear where said monies went, and further, it is unclear as to whether there was even an escrow account at all.

16.  On November 6, 2009, I forwarded a 93A Demand Letter to the Litton Loan Serving Limited Partnership, with a carbon copy to the Bank of New York.  (See Exhibit "2" attached hereto)

17.  The following week, on or about Friday, November 13, 2009, I received a phone call from Litton Loan Servicing stating, *inter alia*, that prior to settling the debt, Litton Loan Serving was going to need to order an additional interior valuation of the Subject Premises.  (See Confirmatory Email dated November 15, 2009 attached to the Complaint as Exhibit "G" ).

18.  I was completely flabbergasted that Litton Loan Serving found a need to spend additional time of money on interior valuations on a structure that does not exist and I firmly believe that this raises the level of rascality.

19.  In response to the confirmatory email of November 15, 2009, the Plaintiff's counsel was referred to upper management.  (See reply email on November 16, 2009 also attached to the Complaint as Exhibit "G").

20.  On November 18, 2009, the Defendants sent an offer of settlement in the amount of $123,754.29. (See Exhibit "H" attached to the Complaint).  However, the Defendants refused to enter into a Settlement Agreement with Mutual Releases.

21.  Moreover, the Defendant, Litton Loan Servicing Limited Partnership would not provide a full breakdown of all charges, including a full breakdown of all monies owed.  (See request of Plaintiff's Accountant dated November 19, 2009 attached to the Complaint as Exhibit "I").

22.  The following day, on November 20, 2009 the Defendant rescinded its alleged offer of settlement.  (See Exhibit "I" of the Complaint).

23.  MARIANE E. HERKENHAM as Trustee of THE WESSAGUSSETT REALTY TRUST, has and continues to remain ready willing and able to payoff the entire loan balance exclusive of unconscionable and unproven fees and expenses that were unnecessarily accumulated over the last twenty-four months

Signed under the pains and penalty of perjury this 25 day of November, 2009.

_____            _____
Witness                                              Riccardo L. Rullo

## LAW OFFICES OF FRANK N. DARDENO, LLP

FRANK N. DARDENO
*Of Counsel*

FRANK N. DARDENO, JR.[1]
RONALD A. DARDENO[2]
MERNAYSA RIVERA-BUJOSA[3]
RICCARDO L. RULLO

[1] Also admitted in Florida
[2] Also holds Masters of Business Administration
[3] Also admitted in New Hampshire

424 BROADWAY
SOMERVILLE, MASSACHUSETTS 02145-2619

TELEPHONE (617) 666 - 2600 ◆ FACSIMILE (617) 666 - 2794
www.DARDENO.com

*LAW CLERKS*
JOHN S. REID
KARA L. DARDENO

*ADMINISTRATIVE ASSISTANTS*
HELEN FLYNN

November 6, 2009

***VIA FACSIMILE:***
Attention: Settlement Department
Litton Loan Servicing LP
4828 Loop Central Drive
Houston, TX 77081

Re:     Marianne E. Herkenham, Trustee of Wessagusett Realty Trust, 94 Emerson Street,
        Units 94-1, 94-3, 94-4, 94-8, 94-10, and 94-11 of the Emerson Street Condominium,
        Haverhill MA 01830
        Original Lender: Popular Mortgage Servicing, Inc; Loan No.: 0000134790
        **Litton Loan Service LP, Loan No.: 0040700452**

To Whom It May Concern:

As you know, this office represents the rights and interests of Marianne E. Herkenham, Trustee of Wessagusett Realty Trust, with respect to the above referenced matter. As a result of Litton Loan Serving LP's (hereinafter sometimes simply referred to as "Litton") unfair conduct in deceptively incurring costs in its failure to settle an outstanding balance good faith, demand is herewith made that Mrs. Herkenham is reimbursed $82,678.89.

As you were made aware by numerous and multiple letters, the first of which being on December 28, 2007, the subject property suffered a severe fire on December 7, 2007 rendering the entire premises uninhabitable. As a result, no rental income was being derived. Moreover, this property was essentially valueless as there was no structure and Mrs. Herkenham only had $6/17^{th}$ of an undivided interest in the property as it was a condominium trust.

As a direct result of this fire, prior Counsel sent payoff offers on numerous occasions, including but not limited to a lump sum of $150,000 on June 3, 2008, June 25, 2008 and then on July 9, 2008. At no point did the lender make any attempt to open a line of communication with prior Counsel.

From the time that this property was purchased until today, Mrs. Herkenham has kept current on all her tax payments and insurance, when applicable. Moreover, there was never an escrow held by the holder of this Mortgage. Then, when I was retained, I have been attempting to negotiate a settlement of the entire outstanding amount owed. To communicate with your office was an arduous task as I was sent to numerous divisions and was unable to get any information as to how to resolve this matter. Rather than obtain a resolution, you continuously push-back the foreclosure date.

Then, this past Tuesday, November 3, 2009, when the latest foreclosure date came before us, I attempted to try to resolve the entire balance. However, you once again were unwilling to even provide me with a payoff amount. In an effort to avoid the foreclosure the son of Mrs. Herkenham, who incidentally is a 78 year old woman, offered to provide the funds to come current. When I asked your office to provide me with the figures to come current, I was first informed that it was $37,680.00; then, twenty minutes later, after I was sent to

another department, I was told that to come current it would be $90,480.84. Yet still, an hour later, I was then sent to a third department, where I was told that to come current I needed to pay $123,754.29. I asked for a breakdown of this fee, and I was informed that $37,680.00 was due in mortgage payments that were in arrears; $52,646.19 was for BPO charges; Attorney Fees in the amount of $3,320.75; and escrow reimbursements in the amount of $30,032.70 as well as a couple minor miscellaneous charges.

In response to these astronomical fees, I requested a breakdown of the charges, which I received on November 4, 2009. In said communication you listed that the BPO charges included a $50,000.00 payment to escrow on January 22, 2009 as well as other attorneys' fees. Then the escrow balance breakdown included only several tax payments totaling $192.24, however with a line stating that the total escrow advance being $30,032.70.

As stated, Mrs. Herkenham had maintained regular tax payments as well as insurance, water and sewer payments, rendering your payments either double or rather, false. Moreover, it is unconscionable to require one to replenish an escrow account in the amount of $80,000.00, when it is absolutely unclear where said monies went, and further, it is unclear as to whether there was even an escrow account at all.

The facts of this claim, as they have been detailed herein, impose a clear liability on your part as it is apparent that you are fabricating fees to take advantage of a senior citizen. You are herewith advised that Mrs. Herkenham considers such conduct of Litton Loan Servicing LP unwarranted, unreasonable, and unjustified; and constitutes unfair and deceptive acts and practices, specifically in violation of the norms and standards mandated by Massachusetts General Law, Chapter 93A.

Without limitation, and pursuant to the provision of M.G.L. Chapter 93A, Marianne E. Herkenham does herewith make claim that Litton Loan Servicing LP be liable for multiple damages as mandated by Law. Specifically, Marianne E. Herkenham demands that treble damages be awarded along with attorney fees and reasonable costs associated with pursuing this claim under M.G.L., Chapter 93A.

For the purpose of settlement of the Claimant's claim, demand is herewith made in the amount of $82,678.89 in full and final settlement of all claims. As provided by relevant statutory law, Litton Loan Servicing LP is afforded thirty days from the date of receipt of this letter to tender a written response to this written demand for settlement. However, as the foreclose is pending I am left with no other viable option than to initiate litigation and obtain an injunction and therefore require an immediate response to prevent said litigation.

With respect to said response, tender of a reasonable offer is appropriate. I anticipate your response in accordance with the provisions of the applicable and relevant law; and within the period of time mandated by the statutory laws of the Commonwealth.

Very truly yours,

Riccardo L. Rullo
RLR/me

cc:     Richard J. Volpe, Esq. – via facsimile and first class mail
        Marianne E. Herkenham – via first class mail only
        Bank of New York, Legal Department - via first class mail only
        Bank of New York, REO Department – via first class mail only

0445129

**Sovereign Bank**                    OFFICIAL CHECK

Memo:
$*********93,721.59                           11/03/2009

Branch: 0631          Void If Amount Over  $*********93,721.59

PAY TO THE     LITTON LOAN SERVICING &/OR BANK OF NY
ORDER OF

VERIFY THE AUTHENTICITY OF THIS MULTI-TONE SECURITY DOCUMENT.   CHECK BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM.

Drawer: Sovereign Bank

DRAWEE: SOVEREIGN BANK     ISSUED BY: SOVEREIGN BANK                    AUTHORIZED SIGNATURE

⑈0445129⑈ ⑆011075150⑆ 985009368899⑈

---

**Sovereign Bank**

DETACH AND RETAIN FOR YOUR RECORDS

0445129

Memo:

11/03/2009
Account Holder:
                              $*********93,721.59

VERIFY THE AUTHENTICITY OF THIS MULTI-TONE SECURITY DOCUMENT.   CHECK BACKGROUND AREA CHANGES COLOR GRADUALLY FROM TOP TO BOTTOM.

0445130

Sovereign Bank                                    OFFICIAL CHECK

Memo:                                             11/03/2009

$**********30,032.70

Branch: 0631          Void If Amount Over  $**********30,032.70

PAY TO THE          LITTON LOAN SERVICING &/OR BANK OF NY
ORDER OF

Drawer: Sovereign Bank

DRAWEE: SOVEREIGN BANK      ISSUED BY: SOVEREIGN BANK          AUTHORIZED SIGNATURE

⑈"0445130"⑈ ⑈011075150⑈: 98500936889⑈"

---

Sovereign Bank                                    DETACH AND RETAIN FOR YOUR RECORDS

                                                  0445130
Memo:

11/03/2009                          $**********30,032.70
Account Holder:

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | Trial Court of Massachusetts Superior Court Department County: Essex |
|---|---|---|

**PLAINTIFF(S)**
Marianne E. Herkenham, Trustee of the Wessagussett Realty Trust

**DEFENDANT(S)**
Bank of New York and Litton Loan Servicing Limited Partnership

**ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE**
Riccardo L. Rullo, Law Offices of Frank N. Dardeno, LLP; 424 Broadway, Somerville, MA 02145
Board of Bar Overseers number: 667955        617-666-2600

**ATTORNEY (if known)**

## Origin code and track designation

Place an x in one box only:
- [X] 1. F01 Original Complaint
- [ ] 2. F02 Removal to Sup.Ct. C.231,s.104 (Before trial) (F)
- [ ] 3. F03 Retransfer to Sup.Ct. C.231,s.102C (X)
- [ ] 4. F04 District Court Appeal c.231, s. 97 &104 (After trial) (X)
- [ ] 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- [ ] 6. E10 Summary Process Appeal (X)

## TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

CODE NO.        TYPE OF ACTION (specify)      TRACK        IS THIS A JURY CASE?

A99          Breach of Contract      ( F )      ( X ) Yes      ( ) No

**The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.**

### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
  1. Total hospital expenses ............................................... $
  2. Total Doctor expenses ................................................ $
  3. Total chiropractic expenses .......................................... $
  4. Total physical therapy expenses ..................................... $
  5. Total other expenses (describe) ...................................... $
                                                        Subtotal $
B. Documented lost wages and compensation to date .......................... $
C. Documented property damages to date .................................... $
D. Reasonably anticipated future medical and hospital expenses ............. $
E. Reasonably anticipated lost wages ...................................... $
F. Other documented items of damages (describe)
                                                              $
G. Brief description of plaintiff's injury, including nature and extent of injury (describe)

                                                              $
                                                    TOTAL $

### CONTRACT CLAIMS
(Attach additional sheets as necessary)

Provide a detailed description of claim(s): The Defendants are the holders and servicing agent of a Note and Mortgage given by the Plaintiff. The Defendants engaged in a series of unfair and deceptive practices in maintaining the subject loan by failing to settle an outstanding balance in good faith. The Complaint alleges, inter alia, Breach of Contract, Negligence and M.G.L. c. 93A Unfair and Deceptive Business Practices.        TOTAL $ 82,678.89

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods."

Signature of Attorney of Record        DATE: 11/25/09

AOTC-6 mtc005-11/99

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                        SUPERIOR COURT
                                                 DOCKET NO.: 2009- 2291- A

_____
MARIANE E. HERKENHAM, TRUSTEE      )
OF THE WESSAGUSSETT REALTY TRUST , )
        PLAINTIFF                  )
                                   )
V.                                 )
                                   )
BANK OF NEW YORK AND LITTON LOAN   )
SERVICING LIMITED PARTNERSHIP,     )
        DEFENDANTS                 )
_____

## TEMPORARY RESTRAINING ORDER

It is hereby ordered that the Defendants, BANK OF NEW YORK AND LITTON LOAN

SERVICING LIMITED PARTNERSHIP, their respective agents, servants, employees,

and all persons in active concert in participation with them who receive actual Notice of

this Order by personal service or otherwise, is temporarily restrained, prohibited, and

enjoined from further causing or permitting the ~~stripping, impairment~~, sale, transfer,

~~assignment, encumbering, removal, concealment~~, or any other disposition of the Subject

Property, to wit: 94 Emerson Street, Units 94-1, 94-3, 94-4, 94-8, 94-10 and 94-11 of the

Emerson Street Condominium, in Haverhill, County of Essex, Commonwealth of

Massachusetts, including but not limited to refraining from proceeding with the

foreclosure auction.

Witness this 25th day of November, 2009 at Lawrence, Massachusetts.

                    By the Court,

                    _____

Page 1 of 1

# Commonwealth of Massachusetts
## County of Essex
## The Superior Court

CIVIL DOCKET# **ESCV2009-02291**

Mariane E Herkenham,
Plaintiff(s)

vs.

Bank of New York and Litton Loan Servicing,
Defendant(s)

### SUMMONS AND RESTRAINING ORDER

To the above named Defendant(s):

You are hereby summoned and required to serve upon, plaintiff's attorney,
**Riccardo Rullo, Esquire of Law Office of Frank N. Dardeno**
**424 Broadway Somerville, MA 02145,**
, an answer to the complaint which is herewith served upon you, within 20 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint.

You are also required to file your answer to the complaint in the office of Clerk of this Court at Salem either before service upon plaintiff's attorney or within a reasonable time thereafter.

Unless otherwise provided by Rule13(a), your answer must state as a counterclaim any claim which you may have against the plaintiff which arises out of the transaction or occurrence that is the subject matter of the plaintiff's claim or you will thereafter be barred from making such claim in any other action.

**WE ALSO NOTIFY YOU** that application has been made in said action, as appears in the complaint, for a preliminary injunction.

And that a hearing upon such application will be held at the court house at said **Salem**, in said county, on **12/03/2009** A.D. at **02:00 PM**, in **CtRm 2 -rear (Salem)** at which time you may appear and show cause why such application should not be granted.

In the meantime, until such hearing, **WE COMMAND YOU,** said and your agents, attorneys and counselors, and each and every one of them, to desist and refrain from (see attached)

**Witness, Barbara J. Rouse,** Esquire, Chief Justice of the Superior Court at Salem, Massachusetts this 25th day of November, 2009.

.................... _Thomas H. Driscoll Jr._ ....................
Clerk

### (AFFIX RETURN OF SERVICE ON BACK OF SUMMONS)

**Disabled individuals who need handicap accommodations should contact the Administrative Office of the Superior Court at (617) 788-8130**

11/24/09 ALLRIGHT
aff 90.00 T.R.O. to Issue Returnable Thursday Dec 3 2009 at 2:00 PM In
System A Session (see order) aff Kev Noel
Allowed Ex Parte upon payment

Handwritten at top: System A Session (see order) [signatures]

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.

SUPERIOR COURT
DOCKET NO.: 2009- 2291- A

| | |
|---|---|
| MARIANE E. HERKENHAM, TRUSTEE OF THE WESSAGUSSETT REALTY TRUST , PLAINTIFF | ) ) ) |
| V. | ) ) |
| BANK OF NEW YORK AND LITTON LOAN SERVICING LIMITED PARTNERSHIP, DEFENDANTS | ) ) ) ) ) |

EX PARTE

## PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER TO ENJOIN THE DEFENDANTS FROM FURTHER ENCUMBERING, ALIENATING OR CONVEYING SUBJECT PROPERTY

Now Comes the Plaintiff, MARIANE E. HERKENHAM is the Trustee of THE

WESSAGUSSETT REALTY TRUST, in the above-captioned Action and hereby moves this

Honorable Court, ex-parte, to temporarily restrain and enjoin the Defendants, BANK OF NEW

YORK AND LITTON LOAN SERVICING LIMITED PARTNERSHIP, their respective agents,

servants, employees, and all persons in active concert in participation with them who receive

actual Notice of this Order by personal service or otherwise, is temporarily restrained, prohibited,

and enjoined from further causing or permitting the stripping, impairment, sale transfer,

assignment, encumbering, removal, concealment, or any other disposition of the Subject

Property, to wit: 94 Emerson Street, Units 94-1, 94-3, 94-4, 94-8, 94-10 and 94-11 of the

Emerson Street Condominium, in Haverhill, County of Essex, Commonwealth of Massachusetts,

including but not limited to refraining from proceeding with the foreclosure auction.